FILED

2003 OCT -8 P 5: 51

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PRISONER

KEITH LAWS                        :        CIVIL NO. 3:01CV2039 (RNC) (DFM)

v.                                :

DR. STEIN                         :        OCTOBER 6, 2003

## LOCAL RULE 56 (a) (1) STATEMENT

The following are material facts as to which the defendant contends there is no genuine issue to be tried.

1. On January 24, 1995, the plaintiff had a cyst removed from the back of his neck. The plaintiff was given medication to take and he was told to return on January 31, 1995, for removal of the sutures. (Exh. A, p. 10; Aff. Stein)

2. On January 29, 1995, the plaintiff came to the medical department and complained that his head was bleeding a little and that it hurts. He was noted to have scant amount of bleeding from the suture line. The area was cleansed with betadine and a bandaid was applied. (Exh. A, p.10; Aff. Stein)

3. On January 30, 1995, the plaintiff was seen by Dr. Stein who removed the suture, cleansed the wound and inserted iodoform packing. (Exh. A, p. 9; Exh. B; Aff. Stein )

4. The packing was removed on January 31, 1995. The area was cleansed and a bandaid was applied. The plaintiff was given a pass to come to medical every day for the next seven days to clean the wound. (Exh.A, pp. 8-9; Exh. C; Aff. Stein)

5. The plaintiff was seen at least once per day by the medical department from January 31, 1995, to February 8, 1995. The wound was cleansed and

the bandaid was changed at these visits. The wound was noted to be progressively healing during the visits. (Exh. A, pp. 5-9; Aff. Stein)

6. The plaintiff was seen by the medical department on February 10, 11, 12, and 13, 1995. At each such visit, the plaintiff was noted to be healing well. (Exh. A, p. 5; Aff. Stein)

7. On February 13, 1995, the plaintiff's pass to come to medical daily was taken away from him because he no longer needed to be seen on a daily basis. (Exh. A, p. 5; Aff. Stein)

8. On February 16, 1995, the plaintiff came to the medical at which time it was noted that the wound was completely healed. (Exh. A, p. 4) The plaintiff thereafter offered no complaints regarding his neck.

9. On September 5, 1995, the plaintiff filed a claim with the Office of the Claims Commissioner for the State of Connecticut, alleging that he received "improper medical treatment" regarding the removal of a cyst from his head. The plaintiff sought damages in the amount of $100,000.00 and permission to sue the State of Connecticut. (Exh. D)

10. A hearing was held on the claim on February 1, 2000, at which the plaintiff testified and Dr. Edward Blanchette testified on behalf of the respondent State of Connecticut. (Exh. D)

11. By decision dated March 6, 200, the Claims Commissioner found that the plaintiff received proper medical care for the problem he had and that there was no deviation from the required standard of medical care. Accordingly, the Claims Commissioner denied the claim. (Exh. D)

DEFENDANT
DR. STEIN

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Henri Alexandre
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05412
E-Mail: Henri.Alexandre@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 7th day of October 2003:

Keith Laws # 73653
Cheshire Correctional Institution
900 Highland Ave.
Cheshire, CT  06410

_____
Henri Alexandre
Assistant Attorney General