UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

KEITH LAWS,

    Plaintiff,

v.

STEVEN STEIN, M.D.,

    Defendant.

PRISONER 2004 JUN 14 A 10: 41

U.S. DISTRICT COURT

CASE NO. 3:01CV2039(RNC)(DFM)

RULING AND ORDER

    In October 2001, plaintiff Keith Laws, a Connecticut inmate, brought this action pursuant to 42 U.S.C. § 1983, claiming that defendant Steven Stein, M.D., was deliberately indifferent to Laws's need for medical treatment in January 1995. Stein has moved for judgment on a number of grounds, including the applicable three-year statute of limitations. I agree that the action is clearly time-barred as a matter of law and therefore grant Stein's motion on that basis without addressing his other arguments.

I.    Standard of Review

    To prevail on a motion for summary judgment, the moving party must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see generally Celotex Corp. v. Catrett, 477 U.S. 317 (1986). To withstand a properly supported motion, a plaintiff who would bear the burden of proof at trial cannot rest on the allegations in the complaint but must offer evidence that would permit a reasonable person to find in his favor. See Fed. R. Civ. P. 56(e). In deciding a motion for summary judgment, the court resolves "all ambiguities and draw[s] all inferences in

favor of the nonmoving party . . . ." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.), cert. denied, 506 U.S. 965 (1992). Only when reasonable minds could not differ is summary judgment proper. Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

II. Facts[1]

On January 24, 1995, plaintiff underwent the surgical removal of a cyst from the back of his neck. He was given medication and directed to return to the medical unit on January 31, for removal of sutures. On January 29, plaintiff complained of bleeding from the site of the surgery. On January 30, defendant removed the sutures, cleansed the wound and inserted iodoform packing. The next day, the packing was removed, the area was cleaned, a band-aid was applied, and plaintiff was given a pass to return to the medical unit every day for the next week. Each day, the band-aid was changed and the wound cleaned. On February 13, 1995, the medical pass was rescinded because plaintiff no longer needed daily treatment. On February 16, medical examination revealed that the wound was completely healed. Plaintiff made no medical complaints regarding his neck after that date.

Plaintiff submitted a claim to the Connecticut Claims Commission on the ground that the medical staff was negligent and

---

[1] The facts are taken from defendant's Local Rule 56(a)(1) Statement, which are deemed admitted because plaintiff did not file a Local Rule 56(a)(2) statement, although he was informed in writing of the need to do so.

had committed malpractice. On February 1, 2000, the Claims Commissioner found that plaintiff failed to establish a claim of negligence and denied permission to sue the state.

III. Discussion

In Connecticut, a claim for relief under 42 U.S.C. § 1983 must be filed within three years of the date of the injury. Walker v. Jastremski, 159 F.3d 117, 119 (2d Cir. 1998). It is undisputed that the latest date on which plaintiff's injury could have occurred is January 30, 1995. Plaintiff did not file this action until October 31, 2001, more than three years after the three-year limitations period expired. Plaintiff's claim is therefore time-barred.

IV. Conclusion

Accordingly, defendant's motion for summary judgment [doc. #30] is granted and the complaint is hereby dismissed. The Clerk may enter judgment and close the case.

So ordered.

Dated at Hartford, Connecticut this 14th day of June 2004.

/s/ Robert N. Chatigny
United States District Judge